[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11208

_____

D.C. Docket No. 9:99-cr-08078-WPD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ANDREW KINSEY, III,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 30, 2021)

Before MARTIN, GRANT, and BRASHER, Circuit Judges.

MARTIN, Circuit Judge:

William Kinsey, III, is currently incarcerated as a result of a series of

robberies he committed in 1999. For these crimes, which netted him just under

$5,000, he is serving a sentence of more than 137 years' imprisonment. His long sentence was partially the result of Mr. Kinsey's use of firearms during the robberies, and the then-mandatory "stacking" of his firearm offenses. By "stacking," we refer to the government's charging of multiple 18 U.S.C. § 924(c)(1) offenses in the same indictment, each of which then required a consecutive sentence. Today, the law does not allow the type of "stacked" sentence Mr. Kinsey received when there are two firearm charges in the same criminal proceeding. See First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (codified at 18 U.S.C. § 924(c)). Mr. Kinsey's co-defendant, who pled guilty and testified against Kinsey, served a sentence of ten years' imprisonment.

In 2018, Congress enacted the First Step Act which, as relevant here, modified the process for seeking compassionate release. Previously, only the Director of the Bureau of Prisons ("BOP") could file a motion seeking reduction of a prisoner's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i) (2012). The First Step Act now allows courts to consider motions filed by defendants themselves. Before bringing such a motion, a defendant must either exhaust his administrative remedies or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act, Pub. L. No. 115-391, § 603(b), 132

2

Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)).  The First Step Act did nothing to change the requirement that when adjudicating compassionate release motions, district courts must ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

On January 31, 2020, more than thirty days after he submitted a request to BOP (which never responded), Mr. Kinsey filed a motion for compassionate release in federal court.  He asserted that he is deserving of compassionate release because: (1) his long sentence was partially a result of the now defunct practice of stacking his § 924(c) charges; (2) he was punished much more harshly that his co-defendant on account of his exercise of his Sixth Amendment right to trial; and (3) his impressive record of rehabilitation (despite his de facto life sentence).  He says these facts together constitute extraordinary and compelling reasons warranting his compassionate release.

A few days after Mr. Kinsey filed his motion, the District Court summarily denied it.  Mr. Kinsey argues on appeal that the District Court is not bound by the only policy statement the Sentencing Commission has promulgated describing what "extraordinary and compelling" reasons warrant compassionate release.  That is because the policy statement contains language indicating that the BOP Director must file the motion.  See United States Sentencing Guideline § 1B1.13 (stating

that "[u]pon motion of the Director of the Bureau of Prisons," the district court may entertain a motion for compassionate release).  Mr. Kinsey says that language means the statement applies only to motions filed by the BOP Director.  And because Mr. Kinsey filed his own motion for compassionate release, he argues that policy statement does not apply to his motion.

Mr. Kinsey's argument is now foreclosed by United States v. Bryant, ___ F.3d ___, 2021 WL 1827158 (11th Cir. May 7, 2021).  Bryant held that Guideline § 1B1.13 and the accompanying application note apply to defendant-filed compassionate release motions because the statement is "capable of being applied" to those motions.  Id. at *1.  Also, Bryant reasoned that the language in the statement indicating that the BOP Director had to file the compassionate release motion is "prefatory" and does not limit the applicability of the policy statement. Id. at *11.

As a result, the District Court here was limited to considering the "extraordinary and compelling" reasons outlined in the policy statement and accompanying application note.  The application note specifies that "extraordinary and compelling reasons" exist when a defendant presents one of a set of medical, age-related, or family circumstances, or: "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the specific reasons

4

outlined in the application note.  USSG § 1B1.13 cmt. n.1(D).  Mr. Kinsey does not claim to have any of the age, family, or medical reasons outlined in the application note.  Nor has the BOP Director determined that Mr. Kinsey has "other" extraordinary and compelling circumstances warranting release.  Id.

The District Court's order denying Mr. Kinsey's motion for compassionate release is

**AFFIRMED.**